IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:19 mc 42 T 35 CPT

| | |
|---|---|
| ALL-TAG CORP., ) | |
| ) | Action Pending in the Southern District |
| Plaintiff, ) | of Florida |
| ) | |
| v. ) | Case No.: 17-cv-81261 |
| ) | |
| CHECKPOINT SYSTEMS, INC., ) | Judge William P. Dimitrouleas |
| ) | Magistrate Judge William Matthewman |
| Defendant. ) | |
| ) | |

**UNOPPOSED MOTION TO TRANSFER
BY CONSENT PURSUANT TO FED. R. CIV. P. 45(f)**

Defendant Checkpoint Systems, Inc. ("Checkpoint"), by and through its undersigned counsel and pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, hereby moves this Court for an order transferring Checkpoint's Motion to Compel Non-Party Nedap, Inc. To Produce All Documents Responsive to Subpoena and Incorporated Memorandum of Law ("Motion to Compel") to Magistrate Judge William Matthewman of the United States District Court for the Southern District of Florida. Non-party Nedap, Inc. ("Nedap") has consented to this transfer and this Motion is therefore "Unopposed" pursuant to Local Rule 3.01(g).

Checkpoint issued an Amended Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to Nedap on January 4, 2019, seeking information related to its defense in an antitrust matter. *See* Subpoena, attached hereto as Exhibit A. The Subpoena was served on Nedap's registered agent in Tampa, Florida. *Id.* Despite numerous meet and confer conferences between Checkpoint and Nedap, Nedap refuses to fully comply with the Subpoena, instead providing incomplete responses, arguing it cannot produce information from its parent corporation, and raising confidentiality concerns despite the entry of a

Stipulated Protective Order entered in the underlying matter pending in the Southern District of Florida. As a result, Checkpoint is forced to seek court intervention to obtain information required for its defense and has filed its Motion to Compel. *See* Motion to Compel, attached hereto as Exhibit B.

Federal Rule of Civil Procedure 45(f) permits a court where compliance with a subpoena is required to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). While Checkpoint's Subpoena to Nedap was served in this District, Nedap, through counsel, has consented to the transfer of any subpoena-related motions to Magistrate Judge William Matthewman in the Southern District of Florida. *See* Apr. 4, 2019 e-mail confirming consent, attached hereto as Exhibit C.

Checkpoint further requests that this Court consider this motion and transfer it on an expedited basis due to the pending discovery deadline in the underlying matter, which closes all discovery on September 11, 2019. Furthermore, at least one related motion seeking to compel another non-party's compliance of a similar subpoena is currently pending before Magistrate Judge Matthewman. Enabling Magistrate Judge Matthewman to consider both motions simultaneously would best promote judicial efficiency.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 45(f), Checkpoint respectfully requests that this Court transfer Checkpoint's Motion to Compel Non-Party Nedap, Inc. To Produce All Documents Responsive to Subpoena and Incorporated Memorandum of Law to Magistrate Judge William Matthewman of the Southern District of Florida. To the extent further disputes arise as related to the Subpoena or any amended subpoenas issued to Nedap arising out

of the same litigation, Checkpoint also requests that this Court transfer all subpoena-related disputes to Magistrate Judge William Matthewman of the Southern District of Florida.

### M.D. Fla. L.R. 3.01(g) CERTIFICATE OF CONFERENCE OF COUNSEL

I hereby certify that counsel for the movant has made reasonable efforts to confer with All-Tag, including by e-mail to Nedap, Inc.'s counsel Christopher Naveja on April 4, 2019. After having conferred, Nedap, Inc. does not object to the relief sought by this Motion. No issues raised by this Motion remain unresolved and counsel agree to its resolution.

Dated: April 9, 2019

/s/Gavin C. Gaukroger
Gavin C. Gaukroger
Fla. Bar. No. 76489
Charles H. Lichtman
Fla. Bar No. 501050
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: (954) 525-9900
Fax: (954) 523-2872
ggaukroger@bergersingerman.com
clichtman@bergersingerman.com
DRT@bergersingerman.com

*Counsel for Checkpoint Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2019, a true and correct copy of the foregoing Checkpoint Systems, Inc.'s Unopposed Motion to Transfer Pursuant to Fed. R. Civ. P. 45(f) was served via e-mail to counsel for non-party Nedap, Inc., Christopher Naveja, Esq., Saul Ewing Arnstein & Lehr, LLP, 161 North Clark Street, Suite 4200, Chicago, IL 60601, (312) 876-7140, christopher.naveja@saul.com, and to counsel for Plaintiff All-Tag as set forth below:

Damon Suden
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: ahorvath@KelleyDrye.com
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
Matthew C. Luzadder
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com
Email: mluzadder@kelleydrye.com

William A. MacLeod
Kelley Drye & Warren LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
Williams Lopatto PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

/s/  Gavin C. Gaukroger
Gavin C. Gaukroger, Esq.